IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-371-BO

| | | |
|---|---|---|
| FREDERICK AIKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WILLIAM E. INGRAM, JR., individually | ) | |
| and in his capacity as Adjutant General of | ) | |
| the NORTH CAROLINA ARMY | ) | |
| NATIONAL GUARD and PETER VON | ) | |
| JESS, individually and in his capacity as | ) | |
| Lieutenant Colonel of the NORTH | ) | |
| CAROLINA NATIONAL GUARD | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court Defendants' Motion to Dismiss [DE 8]. Plaintiff has responded [DE 10], and the matter is ripe for ruling. For the reasons discussed below, Defendants' Motion to Dismiss is granted.

BACKGROUND

Plaintiff files this action alleging a civil rights claim pursuant to 42 U.S.C. § 1983 and a state law tort claim for invasion of privacy. Plaintiff was a longtime member of the North Carolina Army National Guard who in 2001 was called to active duty in support of the War Against Terrorism and promoted to full Colonel and Commander of the 139th Rear Operations Center. In December 2002, Plaintiff was instructed to complete an officer evaluation report of Defendant Von Jess. Defendant Ingram later invalidated such report, and Plaintiff filed a complaint regarding Defendant Ingram's actions with the Department of the Army Inspector

General. In January 2003 Plaintiff's unit was again called to active duty and deployed to Camp Doha, Kuwait. On or about November 24, 2003, Plaintiff was notified that Defendant Ingram had used illegal means to obtain emails sent to Plaintiff's email account, and Plaintiff alleges that beginning in April 2003 through November 2003 his email that he accessed while deployed was monitored, intercepted, and forwarded to Defendant Von Jess. In May 2004 Plaintiff was notified that he would be investigated for hostile command climate and inappropriate relations with women. A Department of Army Inspector General investigation subsequently substantiated Plaintiff's allegations that his email was improperly browsed, but Plaintiff resigned from the North Carolina National Guard and the United States Army effective June 6, 2005.

Plaintiff filed a civil action in this Court on April 27, 2006, alleging a civil rights claim pursuant to 42 U.S.C. § 1983, a state law tort claim for invasion of privacy, and a claim under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics* (403 U.S. 388 (1971)). No. 5:06-CV-185-D. Plaintiff's complaint named the above-named Defendants as well as two additional members of the North Carolina Army National Guard. By order entered September 13, 2007, this Court dismissed Plaintiff's Amended Complaint without prejudice so that Plaintiff could first pursue his military administrative remedy. Plaintiff did so, and the Army Board for Correction of Military Records (ABCMR) determined it lacked jurisdiction to hear Plaintiff's claims.

Plaintiff then returned to this Court on March 31, 2008, by filing a motion pursuant to Rule 60(b)(6) in his earlier filed action. F.R.Civ.P. 60(b)(6). This Court in its discretion denied Plaintiff's Rule 60(b) motion. Plaintiff appealed and this Court's denial of Plaintiff's Rule 60(b) motion was affirmed first by panel opinion filed July 6, 2010, and subsequently by a published

split en banc opinion filed July 13, 2011. *Aikens v. Ingram*, 612 F.3d 285 (4th Cir. 2010); *Aikens v. Ingram*, 652 F.3d 496 (4th Cir. 2011) (en banc). Two days later, Plaintiff filed the instant action alleging the same causes of action against two of the Defendants who had been subject to the earlier suit.

## DISCUSSION

Defendants raise first that Plaintiff's complaint in this matter was filed outside the applicable statutes of limitations and should therefore be dismissed for failure to state a claim. "The raising of the statute of limitations as a bar to plaintiff's cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

Because 42 U.S.C. § 1983 does not provide for a statute of limitations, the analogous state statute of limitations is applied. *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). In North Carolina, the analogous state statute of limitations is three years. *Id.* at 1162. Plaintiff's invasion of privacy claim is also governed by a three year statute of limitations. *See Losing v. Food Lion, L.L.C.*, 185 N.C.App. 278, 265 (2007). Plaintiff's § 1983 claim accrued when he "possesse[d] sufficient facts about the harm done to him that reasonable inquiry w[ould] reveal his cause of action." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Plaintiff's invasion of privacy claim would appear to accrue when "bodily harm to the [Plaintiff] or physical damage to his property becomes apparent or ought reasonably to have become apparent to [Plaintiff], whichever event first occurs." N.C. Gen. Stat. § 1-52(16); *see also Alexander v. City of Greensboro*, No. 1:09-CV-293, 2011 WL 3360644 (M.D.N.C. August

3

3, 2011) (applying § 1-52(16) to a claim for invasion of privacy).

In determining whether 12(b)(6) dismissal is appropriate, the Court must first address whether the date on which Plaintiff's causes of action accrued is apparent on the face of Plaintiff's complaint. Plaintiff specifically alleges in his complaint that on or about November 24, 2003, Plaintiff was informed that Defendant Ingram had used illegal means to obtain an email sent to Plaintiff. Cmp. at ¶ 33. Because reasonable inquiry after November 24, 2003, would have revealed Plaintiff's § 1983 cause of action, and because the invasion of privacy about which Plaintiff complains would have become apparent at least on the same date, the Court holds that the date upon which Plaintiff's causes of action accrued is apparent on the face of his complaint and that consideration of Defendants' statute of limitations defense under Rule 12(b)(6) is therefore appropriate.

Applying the three year statutes of limitation to the date upon which Plaintiff's claims accrued results in a bar to suit becoming effective on or about November 24, 2006. This action was filed on July 15, 2011 – well-outside the limitations period. Plaintiff argues, however, that tolling provisions should apply to prevent the instant suit from being barred. Specifically, Plaintiff contends that time during which the prior federal action was pending, the time during which his action was pending before the ABCMR, and the time during which the Rule 60(b) motion was pending and on appeal should be tolled. Additionally, Plaintiff asserts that equitable principles should be applied to forestall the limitations period and to allow Plaintiff's claims to proceed.

Plaintiff filed his original action with only 212 days left in his limitations period. Even if neither the time during which Plaintiff's original district court action was pending nor the time

4

3, 2011) (applying § 1-52(16) to a claim for invasion of privacy).

In determining whether 12(b)(6) dismissal is appropriate, the Court must first address whether the date on which Plaintiff's causes of action accrued is apparent on the face of Plaintiff's complaint. Plaintiff specifically alleges in his complaint that on or about November 24, 2003, Plaintiff was informed that Defendant Ingram had used illegal means to obtain an email sent to Plaintiff. Cmp. at ¶ 33. Because reasonable inquiry after November 24, 2003, would have revealed Plaintiff's § 1983 cause of action, and because the invasion of privacy about which Plaintiff complains would have become apparent at least on the same date, the Court holds that the date upon which Plaintiff's causes of action accrued is apparent on the face of his complaint and that consideration of Defendants' statute of limitations defense under Rule 12(b)(6) is therefore appropriate.

Applying the three year statutes of limitation to the date upon which Plaintiff's claims accrued results in a bar to suit becoming effective on or about November 24, 2006. This action was filed on July 15, 2011 – well-outside the limitations period. Plaintiff argues, however, that tolling provisions should apply to prevent the instant suit from being barred. Specifically, Plaintiff contends that time during which the prior federal action was pending, the time during which his action was pending before the ABCMR, and the time during which the Rule 60(b) motion was pending and on appeal should be tolled. Additionally, Plaintiff asserts that equitable principles should be applied to forestall the limitations period and to allow Plaintiff's claims to proceed.

Plaintiff filed his original action with only 212 days left in his limitations period. Even if neither the time during which Plaintiff's original district court action was pending nor the time

during which his ABCMR proceeding was pending should be counted against the limitations period, Plaintiff's clock began to run again following the adjudication of his claim by the ABCMR. "[A]bsent the commencement of appropriate judicial process by filing a complaint, the statute of limitations [is] not tolled." *Nationwide Mut. Ins. Co. v. Winslow*, 95 N.C.App. 413, 416 (1989). Accordingly, Plaintiff's limitations period more than expired during the three years between dismissal by the ABCMR on February 6, 2008, and Plaintiff's filing of the instant action on July 15, 2011.

Although Plaintiff urges the application of equitable tolling principles to save his otherwise out-of-time claims, this Court cannot find such application appropriate. As discussed by the dissent in the Fourth Circuit's en banc opinion filed in Plaintiff's earlier action, while North Carolina courts have certainly recognized the principle of equitable tolling, the cases reviewed by this Court have only found its application appropriate in circumstances where the actions of the *defendant* have somehow caused the plaintiff to fail to pursue his claim within the limitations period. *Aikens*, 652 F.3d at 518 (discussing *Duke v. Stainback*, 320 N.C. 337 (1987); *Nowell v. Great Atl. & Pac. Tea Co.*, 250 N.C. 575 (1959)); *see also English v. Pabst Brewing Co.* 828 F.2d 1047, 1049 (4th Cir. 1987) ("Equitable tolling applies where the *defendant* has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action") (emphasis added). Here, however, the Court can find no action by Defendants that might be construed as deceitful or misleading such that Plaintiff's cause of action was concealed. Additionally, the Court cannot ignore either the actions or inactions of Plaintiff when assessing whether equitable principles compel the tolling of the applicable statutes of limitations in this action. *See Aikens*, 652 F.3d at 502-3 (discussing Plaintiff's tactical decisions in pursuing the

5

prior action).

## CONCLUSION

Because Plaintiff's complaint in this action was filed well-outside the three year statutes of limitations, and the Court finds no basis upon which to equitably toll the applicable limitations periods, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss is GRANTED, and this action is dismissed in its entirety.

SO ORDERED, this 24 day of February, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6