IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-371-BO

| | |
|---|---|
| FREDERICK AIKENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM E. INGRAM, JR., individually ) <br> and in his capacity as Adjutant General of ) <br> the NORTH CAROLINA ARMY ) <br> NATIONAL GUARD and PETER VON ) <br> JESS, individually and in his capacity as ) <br> Lieutenant Colonel of the NORTH ) <br> CAROLINA NATIONAL GUARD ) <br> ) <br> Defendants. ) <br> ) | O R D E R |

This cause comes before the Court on defendants' motion for a decision on the remaining grounds raised in their motion to dismiss filed on September 2, 2011. For the reasons discussed below, defendants' motion for decision is granted and defendants' remaining grounds for dismissal are denied.

## BACKGROUND

Both the factual and procedural background of this matter have been recounted several times in several decisions, both by this Court and the court of appeals. The Court therefore incorporates by reference its discussion included in its order entered February 27, 2012. Since that time, the court of appeals has reversed the Court's order dismissing plaintiff's complaint as beyond the statute of limitations. Once the matter was returned to this Court, defendants filed an answer and a scheduling order was entered setting deadlines for discovery as well as the time for

filing dispositive motions. Three months after the Fourth Circuit's mandate had issued, defendants filed the instant motion, asking the Court to rule on their remaining grounds for dismissal and, a month later, filing a supplemental memorandum in support. Plaintiff has responded, opposing defendants' grounds for filing a supplemental memorandum and incorporating by reference his responses to defendants' original motion to dismiss.

## DISCUSSION

Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I. SUFFICIENCY OF PLAINTIFF'S COMPLAINT, GENERALLY

Defendants first challenge the sufficiency of plaintiff's complaint. Specifically, defendants contend that plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment because plaintiff had no reasonable expectation of privacy in his emails and plaintiff consented to the search of his emails. The Court has considered the

allegations in plaintiff's complaint in light of the applicable standard and finds that dismissal of his Fourth Amendment claim is not warranted at this stage. Plaintiff has alleged that he had an expectation of privacy in the emails he sent and that, while he was on active duty, unauthorized members of the North Carolina National Guard unlawfully accessed, or hacked, plaintiff's email communications. These and the remaining allegations are sufficient to nudge plaintiff's Fourth Amendment claim across the line from conceivable to plausible, *Twombly*, 550 U.S. at 570, and thus defendants' motion to dismiss this claim is denied.

Plaintiff has clarified in his response to defendants' motion to dismiss that he has not brought a state law claim for invasion of privacy. [DE 10 at 20]. Defendants' motion to dismiss this claim is therefore denied as moot.

II. DEFENSES OF SOVEREIGN AND QUALIFIED IMMUNITY

Defendants next raise in their motion defenses of Eleventh Amendment sovereign immunity and qualified immunity. The Court finds that these defenses would be better addressed once the record in this matter has been developed and relevant facts have had an opportunity to be discovered. Accordingly, the Court denies without prejudice defendants' motion to dismiss as it relates to their immunity defenses and will reconsider such defenses at the summary judgment stage. In so doing, the Court is mindful that a ruling on immunity defenses should be made early in the proceedings in order to avoid the burdens of litigation, *see e.g. Pearson v. Callahan,* 129 S.Ct. 808, 815 (2009), but in this particular instance and in light of both the prior proceedings and the current posture of the case, as well as defendants' delay in seeking such ruling, the Court finds that its resolution of these issues would be better made after further development of the record.

3

It is also for these reasons that the Court declines to consider defendants' newly raised argument regarding the *Feres-Mindes* doctrine at this stage. Defendants may raise such issue at the dispositive motion filing stage if appropriate.

## CONCLUSION

Accordingly, for the reasons discussed above, defendants' motion for a decision on defendants' remaining grounds for dismissal [DE 33] is GRANTED. Defendants' motion to dismiss plaintiff's Fourth Amendment claim for failure to state a claim is DENIED, their motion to dismiss plaintiff's state law claim for invasion of privacy is DENIED AS MOOT, and defendants' motion to dismiss on immunity grounds is DENIED WITHOUT PREJUDICE with leave to reassert at the summary judgment stage of proceeding.

SO ORDERED, this 3 day of February, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4